## City of Vandalia v. J. W. Carracker.

1. SUNDAY CLOSING ORDINANCE—*when violation of, does not appear.* In the absence of proof of a sale or attempted sale of liquor, no violation of an ordinance requiring Sunday closing is established.

Prosecution under Sunday closing ordinance. Appeal from the Circuit Court of Fayette County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

F. G. REMANN and J. F. BLANKENSHIP, for appellant.

F. M. GUINN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, the city of Vandalia, has an ordinance which provides that "no retailer of liquors or proprietor or keeper of any dram-shop or drinking saloon, shall, within said city, keep open, or permit to be kept open, his place of business, or any part thereof, on Sunday; nor shall, on that day, sell or deliver any intoxicating, malt, vinous, mixed or fermented liquors, or permit any such liquors to be sold, used or drank in his place of business, or in any room or place adjacent thereto, subject to his control; nor shall on that day, allow or permit any person or persons to enter or frequent his place of business, not belonging thereto or connected therewith, under a penalty, in each case, of not less than twenty-five dollars nor more than one hundred dollars." Appellee, who was a dram-shop keeper in said city, was arrested upon a warrant issued by a police magistrate upon a complaint charging him with violating said

City of Vandalia v. Carracker.

ordinance.    There was a trial before the police magistrate, and an appeal taken to the Circuit Court of Fayette county, where, upon a hearing with a jury, appellee was found not guilty.

The only question presented to this court on appeal is one of fact.    The proof, on the part of appellant, showed that on Sunday, August 9, a circus had come to the city, bringing with it some five or six hundred people; that on said day the mayor of the city saw two men enter a hallway, from which there was a door leading into the rear end of appellee's saloon; that he followed them and saw them enter the rear door, through which he also went into the saloon; that in the saloon he found some fifteen people, all of whom were strangers to him except two employees of appellee, named Williams and Steinhauer.    Appellee, himself, was not present.

The evidence showed that on the day in question Williams and Steinhauer were engaged in cleaning up the saloon preparatory to the next day's business; that when they were about through with their work Williams carried the slops out of the back door and went to a baker shop near by to get some lunch for himself and Steinhauer; that while he was gone a number of men, referred to in the evidence as "show fellows," came in the back door; that Steinhauer said to them, "Here, boys, this won't do," and walked towards the door; that about the same time Williams stepped in the door and ordered the men out; that the mayor followed Williams into the saloon and also ordered the strangers out, and that the latter obeyed the order and left the saloon.    There is no proof that there was any sale or attempted sale of liquors to any person in the saloon on the day in question.

We are of opinion that the facts in this case, as they appear from the evidence in the record, justified the jury in finding a verdict in favor of appellee, and there being no other question presented for our consideration, the judgment of the court below is affirmed.

*Affirmed.*